IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Dante Sherod Hampton, | ) | C.A. No. 8:23-03321-HMH-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Joseph | ) | |
| *FCI Bennettsville*, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02. Petitioner Dante Sherod Hampton, a federal prisoner proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. For the reasons below, the court dismisses the petition for lack of jurisdiction.

### BACKGROUND

In November 2019, an information was filed against Petitioner in the United States District Court for the Middle District of Florida, charging him with distribution of a controlled substance, in violation of 21 U.S.C. § 841. (R&R 2, ECF No. 10.) Petitioner later pled guilty to the single-count information and, on February 24, 2020, was sentenced to 180 months' imprisonment. (Id. 2, ECF No. 10.) He did not pursue a direct appeal and has not filed a 28 U.S.C. § 2255 motion with the sentencing court. (Petition 2-3, ECF No. 1-2.)

Petitioner filed the instant § 2241 habeas petition on July 24, 2023, arguing that he no longer qualifies as a career offender under the Sentencing Guidelines in light of the Fourth Circuit's decision in United States v. Campbell, 22 F.4th 438 (4th Cir. 2022). In her Report and

1

Recommendation filed on August 4, 2023, Magistrate Judge Austin recommends dismissing the petition for lack of jurisdiction. (R&R 8, ECF No. 10.)  Petitioner filed timely objections to the Report and Recommendation.  (Obj., generally, ECF No. 14.)

### LEGAL STANDARD

A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court.  Mathews v. Weber, 423 U.S. 261, 271 (1976).  The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions."  28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).  In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

### DISCUSSION

In his objections, Petitioner argues that the magistrate judge incorrectly concluded that he may not bring his § 2241 petition under the saving clause of § 2255(e) based on a new interpretation of statutory law.  More specifically, Petitioner maintains that the Fourth Circuit's

2

Wheeler[1] test remains a viable method for collaterally attacking a sentence following the Supreme Court's recent decision in Jones v. Hendrix, 143 S. Ct. 1857, 1863 (2023).  This contention is without merit.

Generally, a federal prisoner seeking to attack the validity of his conviction or sentence must do so through a § 2255 motion.  Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).  Section 2255's saving clause, however, allows a federal prisoner to proceed under § 2241 if he establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The Supreme Court recently clarified that such recourse is available only "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."[2]  Jones, 143 S. Ct. at 1868.

---

[1] United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).  In Wheeler, the Fourth Circuit held that

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429.

[2] Jones also held that the saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act's] restrictions on second or successive § 2255 motions by filing a § 2241 petition."  143 S. Ct. at 1864, 1869 ("Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences.  The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause.  It means that he cannot bring it at all.").  Thus, despite Petitioner's assertion to the contrary, it is clear that the Wheeler saving clause test has been abrogated by Jones.

Here, because Petitioner is challenging only his career-offender designation, and because he has not identified any circumstances that made it "impossible or impracticable" for him to seek relief in the Middle District of Florida, he may not rely on the saving clause of § 2255(e). See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion."); Farkas v. Warden, FCI Butner II, 972 F.3d 548, 556 (4th Cir. 2020) ("[A] test is not 'inadequate' just because someone fails it."). For these reasons, the court lacks jurisdiction to consider the petition and adopts Magistrate Judge Austin's Report and Recommendation to the extent it is consistent with this order.

It is therefore

**ORDERED** that the petition is dismissed without prejudice and without requiring Respondent to file a return. It is further

**ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 28, 2023

---

[3] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.